UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. JONES, SR., | No. 2:14-cv-1372 WBS DAD P |
| Plaintiff, | |
| v. | ORDER |
| GARY SWARTHOUT et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Warden Swarthout and more than twenty prison officials and medical personnel at California State Prison, Solano. Plaintiff alleges that defendants Moon, Alarcon, and Holliday ordered plaintiff's cellmate inmate Robinson to return to their cell knowing he was inebriated. According to plaintiff, inmate Robinson injured himself inside the cell, but defendants accused plaintiff of injuring inmate Robinson. Plaintiff alleges that defendant Koelling escorted plaintiff through the center complex and assaulted him because plaintiff was unwilling to provide him with information about other inmates. Plaintiff alleges that the assault aggravated an existing injury to his right shoulder, and that he needed surgery as result of the assault. Plaintiff alleges that while he was in administrative segregation

he did not receive medical care for his shoulder injury.  According to plaintiff, defendant Blackwell told her staff not to push their emergency buttons for him.  Plaintiff alleges that he went "man down" two days in a row due to the pain in his shoulder and, although nurses responded they would not allow him to see a doctor.  Finally, plaintiff alleges that defendant Wise as well as defendants Arnold, Matteson, Hudnell, Kyte, Mitchell, Petty, and Runnels violated his right to due process in connection with his prison rules violation hearing on the charge of Battery on an Inmate.  Plaintiff alleges that he was confined in administrative segregation for three months before prison officials finally dismissed the prison disciplinary charges against him. (Compl. at 3 & Attach.)

## DISCUSSION

Many of the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory

/////

1 allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at
2 268.
3     The court advises plaintiff of the following legal standards that appear to govern the
4 claims he is attempting to bring.  First, insofar as plaintiff wishes to proceed on an excessive use
5 of force claim against defendant Koelling, he is advised that "whenever prison officials stand
6 accused of using excessive physical force in violation of the Cruel and Unusual Punishments
7 Clause, the core judicial inquiry is that set out in Whitley, i.e., whether force was applied in a
8 good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
9 Hudson v. McMillian, 503 U.S. 1, 5 6-7 (1992).  See also Whitley v. Albers, 475 U.S. 312
10 (1986).  The court considers several factors to determine whether a use of force violates the
11 Eighth Amendment, including the need for force, the relationship between the need for force and
12 the amount of force used, and the extent of the threat the officers reasonably perceived the
13 plaintiff posed.  See Whitley, 475 U.S. at 321.  A prisoner is not required to allege and show a
14 "significant injury," see Hudson, 503 U.S. at 9-10, but "an inmate who complains of a 'push or
15 shove' that causes no discernible injury almost certainly fails to state a valid excessive force
16 claim."  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).
17     In any amended complaint plaintiff elects to file, he should allege facts clarifying how and
18 under what circumstances defendant Koelling's alleged assault took place.  Plaintiff must allege
19 facts that, if proven, would indicate that the defendant's actions were unnecessary, that the
20 defendant acted with a sufficiently culpable state of mind, or that he acted for the "very purpose
21 of causing harm."  Whitley, 475 U.S. at 320-21.
22     Second, insofar as plaintiff wishes to proceed on an inadequate medical care claim, he is
23 advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
24 inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983
25 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In
26 applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil
27 rights have been abridged, "the indifference to his medical needs must be substantial.  Mere
28 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

1  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).
2  In any amended complaint plaintiff elects to file he must allege facts demonstrating how each
3  defendant's actions rose to the level of "deliberate indifference." In this regard, plaintiff must
4  explain how each defendant was involved in the denial of his medical care.
5       Finally, insofar as plaintiff wishes to proceed on a due process claim against defendants
6  Wise, Arnold, Matteson, Hudnell, Kyte, Mitchell, Petty, and Runnels, he is advised that the
7  Supreme Court has held that the procedural protections guaranteed by the Fourteenth Amendment
8  Due Process Clause only apply when a constitutionally protected liberty or property interest is at
9  stake. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also Marsh v. County of San
10 Diego, 680 F.3d 1148, 1155 (9th Cir. 2012); Brittain v. Hansen, 451 F.3d 982, 999-1000 (9th Cir.
11 2006). The Due Process Clause itself does not give prisoners a liberty interest in avoiding
12 transfer to more adverse conditions of confinement. See Meachum v. Fano, 427 U.S. 215, 225
13 (1976). However, states may create liberty interests which are protected by the Due Process
14 Clause. These circumstances generally involve a change in condition of confinement that
15 imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of
16 prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).
17      In any amended complaint plaintiff elects to file, he must allege that he had a liberty
18 interest at stake in avoiding his temporary stay in administrative segregation. See Jackson v.
19 Carey, 353 F.3d 750, 755 (9th Cir. 2003) ("Sandin requires a factual comparison between
20 conditions in general population or administrative segregation (whichever is applicable) and
21 disciplinary segregation, examining the hardship caused by the prisoner's challenged action in
22 relation to the basic conditions of life as a prisoner."). It appears from plaintiff's original
23 complaint that his stay in administrative segregation lasted three months. Plaintiff is cautioned
24 that such a temporary stay in segregation pending investigation has been found to be "within the
25 range of confinement to be normally expected" by prisoners "in relation to the ordinary incidents
26 of prison life." Sandin, 415 U.S. at 486-87. See e.g., Gray v. Woodford, Civil No. 05-CV-1475
27 J(CAB), 2007 WL 2789476 at *4 (S.D. Cal. Aug. 16, 2007) (plaintiff's ninety-day stay in
28 administrative segregation pending an investigation of his possible gang activities not an

"atypical and significant hardship" required under Sandin), adopted in part by 2007 WL 2790588 (S.D. Cal. Sept. 25, 2007).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: October 9, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone1372.14a