UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAYMOND E. JONES, SR.,

           Plaintiff,

    v.

GARY SWARTHOUT, et al.,

           Defendants.

CIV. NO. 2:14-1372 WBS DB(P)

MEMORANDUM AND ORDER RE:
FINDINGS AND RECOMMENDATIONS

       Plaintiff Raymond E. Jones, a prisoner proceeding pro se, brought this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was assigned to District Judge William B. Shubb and referred to a United States Magistrate Judge.

       On September 26, 2017, the magistrate judge issued findings and recommendations in response to defendants' Motion for summary judgment.  (Docket No. 25.)  The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff and defendants have both filed objections to the findings and recommendations (Docket Nos. 26, 27), and the court now reviews

1  them de novo.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P.

2  72(b)(2)-(3).

3  I.   Failure to Exhaust

4         The magistrate judge recommended that plaintiff's

5  deliberate indifference claim against defendants Blackwell, Long,

6  and Lahey should be dismissed without prejudice for failure to

7  exhaust administrative remedies.  (Docket No. 25 at 8.)

8  Defendants do not object to this recommendation, nor does

9  plaintiff.  After a review of the file, the court finds the

10  findings and recommendations with regard to this claim to be

11  supported by the record and by the magistrate judge's analysis.

12  Accordingly, the magistrate judge's recommendation that this

13  claim be dismissed without prejudice is adopted.

14  II.  Excessive Force

15         Plaintiff alleges defendant Koelling used excessive

16  force when he (1) yanked plaintiff's right arm and (2) when he

17  removed handcuffs from plaintiff.

18      A.   Grabbing Arm

19         To establish a claim for excessive force based on a

20  prison official's use of force during a prison disturbance, the

21  plaintiff must show that the officer applied the force

22  maliciously and sadistically to cause harm rather than in a good-

23  faith effort to maintain or restore discipline.  Hudson v.

24  McMillian, 503 U.S. 1, 6 (1992).  After a careful review of the

25  entire file, the court agrees with the magistrate judge's

26  conclusion, to which plaintiff objected, that the evidence here

27  is insufficient for a reasonable juror to conclude that Koelling

28  used force on plaintiff maliciously and sadistically to harm

1  plaintiff when he grabbed plaintiff's arm.  Accordingly, the

2  court overrules plaintiff's objection to this finding, adopts the

3  findings and recommendations as to this claim, and holds that

4  summary judgment on the issue of excessive force when Koelling

5  grabbed plaintiff's arm should be granted in Koelling's favor.

6       B.    Removing Handcuffs

7            As indicated by the magistrate judge, to establish

8  excessive force related to the use of handcuffs, a plaintiff must

9  show either a demonstrable injury or that he complained about the

10 use of force, in this case the tightness of the handcuffs and the

11 bending of plaintiff's wrists, and that such complaints were

12 ignored.  See Candler v. Mallot, Civ. No. 2:14-363 GEB KJN P,

13 2015 WL 2235674, at *8 (E.D. Cal. May 12, 2015) (citing Dillman

14 v. Tuolumne County, Civ. No. 1:13-404 LJO SKO, 2013 WL 1907379,

15 at *8 (E.D. Cal. 2013)), rep. and reco. adopted, 2015 WL 3795667

16 (E.D. Cal. June 17, 2015); Weldon v. Conlee, Civ. No. 1:13-540

17 LJO SAB, 2015 WL 1811882, at *14 (E.D. Cal. Apr. 21, 2015),

18 aff'd, 684 F. App'x 612 (9th Cir. 2017); Gause v. Mullen, Civ.

19 No.  12-1439 PHX RCB(MEA), 2013 WL 5163245, at *9 (D. Ariz. Sept.

20 12, 2013); Nguyen v. San Diego Police Dept., Civ. No. 11-2594 WQH

21 NLS, 2013 WL 12114518, at *9 (S.D. Cal. Aug. 15, 2013); Bashkin

22 v. San Diego County, Civ. No. 08-1450 WQH WVG, 2010 WL 2010853,

23 at *7 (S.D. Cal. May 20, 2010); cf. LaLonde v. County of

24 Riverside, 204 F.3d 947, 952 (9th Cir. 2000); Palmer v.

25 Sanderson, 9 F.3d 1433, 1434-36 (9th Cir. 1993).

26            Here, plaintiff contends that he complained to Koelling

27 about his pain, but that Koelling continued to bend his wrists

28 and arms while applying and removing the handcuffs.  (Pl.'s Dep.

3

at 79-82.)  Koelling argues that he "manipulated [plaintiff's] hands, wrists and arms only to the extent necessary to properly apply and remove the handcuffs."  (Koelling Decl. (Docket No. 19-2) ¶ 5.)  From this, the magistrate judge concluded that there is an issue of material fact as to whether Koelling removed the handcuffs in a reasonable fashion or whether he acted maliciously, and thus that summary judgment is inappropriate with regard to this claim.  The court adopts the magistrate judge's finding that Koelling has not met the standard for summary judgement with respect to this allegation of excessive force, overrules defendants' objection as to this claim, and concludes that summary judgment is inappropriate as to this claim.

IT IS THEREFORE ORDERED that:

1. The findings and recommendations filed September 27, 2017, are adopted in full;

2. Plaintiff's excessive force claim against Koelling for grabbing his arm is dismissed with prejudice;

3. Plaintiff's deliberate indifference claim against Blackwell, Long, and Lahey is dismissed without prejudice for failure to exhaust administrative remedies; and

4. This case is to proceed on plaintiff's excessive force claim against Koelling for the removal of plaintiff's handcuffs.

Dated:  January 30, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE