1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   RAYMOND E. JONES, Sr.,                    No. 2:14-cv-1372 WBS DB P
12                  Plaintiff,
13         v.                                  ORDER
14   B. KOELLING,
15                  Defendant.
16
17         Plaintiff is a state prisoner proceeding through counsel with an action under 42 U.S.C. §
18   1983. On November 15, 2018, the undersigned held a telephone conference with counsel to
19   discuss defendant's October 23, 2018 motion to augment his witness list and defendant's
20   objections to the amended pretrial order. Attorneys Edward Gaus and Samantha Burnett
21   appeared for plaintiff. Deputies Attorney General Justin Walker and Lawrence Bragg appeared
22   for defendant. After hearing the arguments of counsel and considering the parties' filings and the
23   record in this case, the court will deny the motion to augment and deny defendant's objections to
24   the pretrial order.
25                                          **BACKGROUND**
26         Plaintiff is a prisoner at California State Prison – Solano. The operative complaint is
27   plaintiff's first amended complaint filed November 17, 2015. (ECF No. 10.) When he filed that
28   complaint, and until just recently, plaintiff was proceeding in pro per. In the first amended

                                                    1

complaint, plaintiff alleged defendant Koelling used excessive force to stop plaintiff from leaving a room and to remove his handcuffs. Defendants moved for summary judgment. This court recommended summary judgment be granted in favor of defendant Koelling on plaintiff's claim regarding the force used to keep plaintiff from leaving a room, that plaintiff's claims against the other defendants be dismissed for failure to exhaust administrative remedies, and that this case proceed solely on plaintiff's claim of excessive force against Koelling for the removal of his handcuffs. (ECF No. 25.) The district judge adopted the findings and recommendations on January 30, 2018. (ECF No. 29.)

In March and April 2018, the parties filed pretrial statements. (ECF Nos. 38, 40.) The court issued a pretrial order on June 1, 2018. (ECF No. 40.) The pretrial order specified that any objections must be filed within fourteen days of the date of the order. Defendant filed objections based on the court's estimate of the length of trial and to request a new trial date. On July 31, 2018, the undersigned issued an amended pretrial order addressing both issues. (ECF No. 43.) In all other respects, the amended pretrial order was identical to the June 1 pretrial order. The amended pretrial order set a trial date of November 27, 2018 before the district judge.

On August 13, 2018, defendant filed objections to the amended pretrial order. (ECF No. 44.) Defendant stated that after filing the pretrial statement he learned the correct spelling of a witness's name and sought to have that reflected in the pretrial order. In addition, he asked that he be permitted to have that witness testify by videoconference from North Dakota. Defendant concluded that he had "no other objections to the Pretrial Order."

On August 21, 2018, the court appointed counsel for plaintiff. (ECF No. 45.) On September 27, 2018, the parties stipulated to an extension of the deadline for exchanging exhibits and the court ordered that change to the pretrial schedule. (ECF Nos. 48, 49.)

On October 23, 2018, defendant filed a motion to augment his witness list. Defendant seeks to add former Correctional Officer D. Thompson to his list of witnesses. (ECF No. 50.) Plaintiff opposes the motion and defendant filed a reply. (ECF Nos. 54, 59.)

On November 13, 2018, defendant filed amended objections to the amended pretrial order. (ECF No. 56.) Defendant seeks to remove three facts from the list of undisputed facts in the

pretrial order. In addition, on November 13, both parties filed objections to the other party's exhibits and filed trial briefs. (ECF Nos. 55, 58, 60, 61.) On November 14, this court ordered a telephone conference to hear argument on defendant's motion to augment and on defendant's objections to the amended pretrial order. (ECF No. 63.)

# FACTS

The following facts are set out in the amended pretrial order:

### UNDISPUTED FACTS

1. At all relevant times in 2013, plaintiff was incarcerated at California State Prison, Solano ("SOL").

2. At all relevant times in 2013, defendant Koelling was a correctional officer at SOL.

3. In November 2011, plaintiff sustained an injury to his right shoulder during an encounter with correctional officers.

4. On March 28, 2013, based on an incident in plaintiff's cell involving his cellmate, defendant came to plaintiff's cell, handcuffed him, and escorted him to the primary clinic to be examined.

5. Defendant removed the handcuffs when they arrived at the clinic.

6. When plaintiff was ready to leave the clinic, defendant reapplied the handcuffs and escorted plaintiff to the program complex so that plaintiff could be interviewed about the incident in his cell.

7. At the program complex, defendant placed plaintiff in a holding cell. Plaintiff placed his arms through a cut-out in the door of the cell. Defendant then removed the handcuffs.

8. Defendant returned to the holding cell, reapplied the handcuffs, and escorted plaintiff to the office of Lieutenant Martinez for an interview.

9. When plaintiff was ready to leave Lieutenant Martinez's office, defendant escorted plaintiff back to the holding cell and again removed the handcuffs.

10. Defendant returned, reapplied the handcuffs, and escorted plaintiff back to Martinez's office to be re-interviewed.

11. On March 28, 2013, plaintiff did not inform defendant that he had previously injured his right shoulder.

12. On April 2, 2014, plaintiff had a surgical repair of a torn supraspinatus tendon at San Joaquin General Hospital.

////

**DISPUTED FACTUAL ISSUES**

1. Whether defendant applied the handcuffs backwards, so that the keyhole was facing plaintiff, when he took plaintiff to Martinez's office to be re-interviewed;

2. Whether defendant took plaintiff to the office of a correctional sergeant after he was re-interviewed by Martinez;

3. Whether plaintiff attempted to leave the correctional sergeant's office;

4. Whether defendant restrained plaintiff by grabbing his right arm when plaintiff attempted to leave;

5. Whether defendant then returned plaintiff to a holding cell;

6. Whether defendant used excessive force to remove plaintiff's handcuffs when re placed plaintiff in the holding cell;

7. Whether plaintiff told defendant he was in pain when defendant was removing the handcuffs;

8. Whether defendant acted maliciously or sadistically with intent to injure plaintiff when removing the handcuffs; and

9. Whether removal of the handcuffs caused plaintiff injury.

(ECF No. 43 at 2-3.)

**MOTION TO AUGMENT WITNESS LIST**

The amended pretrial order sets out the standards for designating a witness who was not included in the pretrial statement:

> Each party may call any witnesses designated by the other.
>
> A. No other witness will be permitted to testify unless:
>
> > 1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated, or
> >
> > 2. The witness was discovered after issuance of this order and the proffering party makes the showing required in "B," below.
>
> B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

////

4

>     1. The witnesses could not reasonably have been discovered prior to pretrial;
>
>     2. The court and the opposing party were promptly notified upon discovery of the witnesses;
>
>     3. If time permitted, the party proffered the witnesses for deposition;
>
>     4. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

(ECF No. 43 at 5-6.)

Defendant states that he only recently discovered the identity and location of a former correctional officer, D. Thompson. (ECF No. 50 at 3.) Defendant states that he was unaware until "August 15, 2018 that 'Thompson' was the only correctional staff member who had escorted Jones out of the holding cell before Jones was escorted to the Administrative Segregation Unit (ASU) by Officer Jacquinot." (Id. at 4.) He contends that Thompson would testify that he was the only officer to remove plaintiff from the holding cell on March 28, 2013. Defendant argues that Thompson's testimony is necessary to rebut plaintiff's expected testimony that defendant Koelling twice removed plaintiff from the holding cell, the second time to be re-interviewed by Lieutenant Martinez.

One of defendant's exhibits, listed in his April 23, 2018 pretrial statement, is a "CDCR Holding Cell Log, dated 3/28/13." (See ECF No. 38 at 14.) As plaintiff points out, that holding cell log lists "Thompson" as one of the officers who checked on plaintiff when he was in the holding cell. (See ECF No. 54-2.) The log shows that when plaintiff was in the holding cell, he was placed there by defendant Koelling and only removed once – by Thompson to use the restroom. Plaintiff also shows that defendant was aware of the holding cell log as early as January 2017. During plaintiff's deposition on January 30, 2017, defendant's counsel showed plaintiff a copy of the holding cell log and asked plaintiff about Officer Thompson. (See ECF No. 54-3.)

The standard set out in the pretrial order for the late identification of witnesses requires defendant to show either that he requires Thompson to testify "for the purpose of rebutting evidence which could not be reasonably anticipated" or "he could not reasonably have []

5

discovered" Thompson sooner.  Defendant provides no basis for this court to make either finding.

Defendant argues that because plaintiff did not allege any wrongdoing by Thompson on March 28, 2013, defendant had no reason to pursue Thompson as a witness.  That "explanation" just makes no sense.  The cell log showed that only Thompson removed plaintiff from the holding cell.  Defendant has known throughout this case, and certainly at the time of plaintiff's deposition, that plaintiff contends defendant removed him from the holding cell twice, and used excessive force in removing handcuffs when he finally returned plaintiff there.  Therefore, defendant's counsel need only have reviewed the holding cell log when they obtained it to determine that Thompson could be a witness for impeachment purposes.  It is apparent that defendant's only rationale for the late identification of Thompson is delayed trial preparation.[1]  Based on defendant's failure to show he could not reasonably have identified Thompson earlier, this court will deny defendant's motion to augment the witness list.

**OBJECTIONS TO PRETRIAL ORDER**

On August 13, 2018, defendant filed timely objections to the amended pretrial order.  (ECF No. 44.)  He made two requests regarding a witness identified in the order.  Defendant's counsel informed the court during the hearing that he has withdrawn that witness.  Accordingly, the court need not consider the August 13 objections and they will be denied as moot.

Defendant filed amended objections to the amended pretrial order on November 13, 2018.  Defendant objects to the identification of three facts as undisputed.  They are:

> 8. Defendant returned to the holding cell, reapplied the handcuffs, and escorted plaintiff to the office of Lieutenant Martinez for an interview.

---

[1] Defendant's counsel argued during the hearing that prohibiting the late identification of witnesses based on counsel's delayed trial preparation would force counsel to include all possible witnesses in a pretrial statement.  Defendant's counsel seems to be unaware that the point of pretrial statements and a pretrial order is to narrow the issues for trial.  Defendant had ample time to conduct any further investigation on plaintiff's claim before filing his pretrial statement.  This court recommended denial of summary judgment on the handcuff removal claim in September 2017.  (ECF No. 25.)  The district judge adopted that recommendation on January 30, 2018.  (ECF No. 29.)  Defendant had well over three months to prepare for trial and file his pretrial statement on April 23, 2018.  (ECF No. 38.)  The fact that his counsel apparently waited until much later to prepare should not benefit defendant at the expense of plaintiff's ability to prepare.

> 9. When plaintiff was ready to leave Lieutenant Martinez's office, defendant escorted plaintiff back to the holding cell and again removed the handcuffs.
>
> 10. Defendant returned, reapplied the handcuffs, and escorted plaintiff back to Martinez's office to be re-interviewed.

These undisputed facts were identified in both the June 1, 2018 pretrial order and the July 31, 2018 amended pretrial order. (See ECF No. 40 at 2; ECF No. 43 at 2.) Defendant filed timely objections to both pretrial orders. In neither set of objections did defendant seek to change the list of undisputed facts identified by the court. In fact, in the objections filed August 13, 2018, defendant specifically concluded that he had "no other objections to the Pretrial Order." (ECF No. 44 at 2.)

Defendant was well aware that he had limited time to object to the pretrial order. Both pretrial orders gave the parties fourteen days to file objections. The parties were informed that if they failed to object, the order would become final. A pretrial order "controls the course of action unless the court modifies it." Fed. R. Civ. P. 16(d), cited in E.D. Cal. R. 283(b); see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 924 (9th Cir. 1988) ("A pretrial order has the effect of amending the pleadings and controls the subsequent course of action of the litigation.") This court has not modified the amended pretrial order and, even if it had done so in response to defendant's August 13 objections, nothing about the list of undisputed facts would have changed.

Defendant argues that changes to the pretrial order are necessary to avoid a "manifest injustice." Federal Rule of Civil Procedure 16(e) provides that the court may modify a pretrial order "only to prevent manifest injustice." The Ninth Circuit set out the factors for making this determination:

> "the degree of prejudice or surprise to the [other party] if the order is modified; (2) the ability of the [other party] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification."

Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998)).

7

1    Defendant makes the rather astonishing argument that plaintiff is not prejudiced because
2    plaintiff should have known these facts were in dispute when neither party identified them as
3    undisputed in their pretrial statements. Defendant simply ignores the fact that undisputed facts 8,
4    9, and 10 have been identified by the court as undisputed since June 1 of this year. Moreover, it
5    is not surprising that plaintiff did not include these facts as undisputed in his pretrial statement.
6    First, he was acting in pro per at that time and filed a very brief list of undisputed facts in his
7    pretrial statement. (See ECF No. 35.) Second, it is not unreasonable to think that he may have
8    considered those facts undisputed since defendant identified them as such in his motion for
9    summary judgment. (See ECF No. 19-6.) More importantly, defendant did not identify any of
10   these facts as disputed in his pretrial statement. (See ECF No. 38.)

11   Therefore, the court included those facts, which did not at that time appear to be in
12   dispute, for the sake of narrowing the issues for trial. If the parties disagreed with the court's
13   identification of facts, they had every right to file objections within the time permitted by the
14   order. See E.D. Cal. R. 283(a) ("Any party upon whom the proposed pretrial order is served may,
15   within the time permitted in the proposed pretrial order, submit objections to the proposed pretrial
16   order and, in so doing, shall set forth the basis of the objections and any changes to be made in
17   the proposed pretrial order.") Neither party did so.

18   Plaintiff argues he will be prejudiced if the court revises the pretrial order on the eve of
19   trial because he will be required to attempt to prove facts he understood to be established. As
20   plaintiff points out, this is the first time defendant has ever challenged plaintiff's deposition
21   testimony, and consistent description, regarding his placement and removal from the holding cell
22   by Koelling. Plaintiff states that it appears defendant is intending to allege that he was not
23   present at that time. Plaintiff does not have the opportunity to depose witnesses or seek additional
24   discovery at this late date. There is no question that requiring plaintiff to address new facts and
25   revise his litigation strategy just two weeks before trial would prejudice plaintiff.

26   Further, the court notes that defendant's counsel's concern that this case should not go to
27   trial on "inaccurate" facts is not well taken. Undisputed facts 8, 9, and 10 are, according to
28   defendant, in dispute. That does not mean plaintiff's understanding of those facts is not accurate.

Moreover, parties frequently stipulate to facts that could be disputed in order to narrow the issues for trial – just as defendant did in his motion for summary judgment.

The parties have been proceeding since June 1 of this year on the pretrial order's identification of undisputed facts. Five months after the time to object expired and just two weeks before trial, defendant seeks to change the scope of that trial. He provides no justification for doing so besides the inadvertence of counsel. On the eve of trial, plaintiff should not be forced to prove facts that have been considered undisputed for months. Defendant fails to show any "manifest injustice" will result if the undisputed facts remain as stated in the pretrial order and amended pretrial order. The court will deny his objections to the amended pretrial order.

For the reasons set forth above, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Augment his Witness List (ECF No. 50) is denied.
2. Defendant's August 13, 2018 objections to the amended pretrial order are denied as moot.
3. Defendant's November 13, 2018 objections to the amended pretrial order are denied.

Dated: November 16, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/jone1372.ptc or

9